UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JERYSSE UZOEGWU,                                                    Case No.:  1:20-cv-3264

on behalf of herself as an individual and
on behalf of others similarly situated,

    -against-

                                                                                                 **COMPLAINT –
                                                                                                  CLASS ACTION**

STEVEN T. MNUCHIN, in his official capacity
as Secretary of the United States Department
of Treasury; the UNITED STATES
DEPARTMENT OF TREASURY;
CHARLES P. RETTING, in his official                                Plaintiff Demands a
capacity as Commissioner of the United States                       Trial by Jury
Internal Revenue Service; the UNITED
STATES INTERNAL REVENUE SERVICE;
and the UNITED STATES OF AMERICA,

                      Defendants.
----------------------------------------------------------X

## PRELIMINARY STATEMENT

1. The COVID-19 crisis has left millions of United States citizens without a source of income.[1] In the wake of this unprecedented economic collapse, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act" or "H.R. 748") was signed into law. The CARES Act mandated that every "eligible" American making under $75,000 a year individually and $150,000 jointly, receive a certain amount of money to help weather the economic storm.

2. The amount of money received is based off of previously filed taxes. (*See* CARES ACT, Sec. 6428 (a)-(c), (f)).

3. The CARES Act prohibits any payments to individuals who do not have a social security number. (*Id.,* Sec. 6428 (d)(1)). Additionally, the CARES Act prohibits payments to

---

[1] 7.1 Million people were unemployed in March of 2020. *See* https://www.bls.gov/cps/employment-situation-covid19-faq-march-2020.pdf [Last Accessed April 23, 2020].

individuals who jointly file their taxes with a spouse who does not have a social security number. (*Id.,* Sec. 6428 (g)(1)(B)). Meaning, if a US citizen jointly filed their taxes with their spouse in 2019 and their spouse did not have a social security number, that US citizen would be denied critical stimulus money because of their familial status.

4. Thus, US citizens are being discriminated against and denied a privilege because of their familial status. The CARES Act adversely impacts and denies a right or privilege to US citizens who marry non-US citizens. This insidious clause violates the Fifth Amendment of the United States Constitution.

**PARTIES**

A. PLAINTIFF

5. At all times material, Plaintiff is a natural born citizen of the United States of America. For 2019, Plaintiff filed her taxes in New York State. Plaintiff filed her taxes jointly with her husband. At that time, Plaintiff's husband did not have a social security number.

6. At all times material, Plaintiff would have qualified to receive a stimulus check but-for her husband's citizenship status.

B. DEFNEDANTS

7. Defendant Steven Mnuchin is the Secretary of the U.S. Department of Treasury and is responsible for overseeing the Department of Treasury and the Internal Revenue Services (IRS). See 26 U.S.C. § 7801; 31 U.S.C. § 301. He is sued in his official capacity.

8. Defendant the U.S. Department of Treasury is an executive department that oversees the IRS. See 26 U.S.C. § 7801.

9. Defendant Charles P. Retting is the Commissioner of the IRS and is responsible for overseeing the IRS, including its implementation and enforcement of the CARES Act. See 26 U.S.C § 7803. He is sued in his official capacity.

10. Defendant the IRS is a federal tax-collection agency that is responsible for the implementation and enforcement of the internal revenue laws, including the CARES Act. See 26 U.S.C § 7803

## JURISDICTION & VENUE

11. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under laws of the United States and the United States Constitution.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2) because Defendants have offices and enforce the CARES Act in this District; and because a substantial part of the events that gave rise to the Plaintiffs' claims took place within the District.

13. This Court has the authority to enter a monetary judgment, declaratory judgment and to provide preliminary and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1331, 1340, 2201, 2202, and 1346(a).

## STATEMENT OF FACTS

14. On or about March 27, 2020, President Donald J. Trump signed into law the CARES Act.

15. The CARES Act included economic relief to individual and families (defined as "eligible individuals") (*See* CARES Act, Sec. 6428 (a)(1)-(2)).

16. Under the Act, eligible individuals would receive what has been commonly referred to as a "stimulus check."[2]

17. The CARES Act defines "eligible individuals" as "any individual other than […] (1) any nonresident alien individual, (2) any individual with respect to whom a deduction under section 151 is allowable to another taxpayer for a taxable year beginning in the calendar year in which the individual's taxable year begins, and (3) an estate or trust." (*Id.,* Sec. 6428 (d)(1)-(3)).

18. The CARES Act sets out monetary limitations for relief based off of adjusted gross income. (*Id.,* Sec. 6428 (c)(1)-(3)).

19. For a family or an individual to receive the benefits under the CARES Act a "valid identification number," which is defined as a "social security number" was required on the family or individual's previous year's taxes. (*Id.,* Sec. 6428 (g)(2)).

20. The CARES Act further expressly prohibits benefits paid to families who filed "joint returns" without a social security number of an individual's spouse. (*Id.,* Sec. 6428 (g)(1)(B)). Meaning, if one spouse does not have a social security number and the other one does, that spouse with the social security number lost the benefits under the CARES Act.

21. The above-mentioned exclusion does not apply to members of the Armed Forces of the United States. (*Id.,* Sec. 6428 (g)(3)).

22. Therefore, all eligible Americans who are married to non-United States citizens without a social security number, who have filed their taxes jointly, are deprived of their economic stimulus check simply because of who they are married to.

---

[2] *See* https://www.forbes.com/sites/jimwang/2020/04/20/when-to-expect-your-paper-stimulus-check-in-the-mail-full-schedule/#5c2137e05438 [Last Accessed April 23, 2020].

23. This prohibition directly impacts US citizens who are married to non-US citizens.[3]

24. This bill expressly treats two US citizens who are married different from the US citizen married to a non-US citizen. For example, Section 6428 (e)(2) states "In the case of a refund or credit made or allowed under subsection (f) with respect to a joint return, half of such refund or credit *shall be treated as having been made or allowed to each individual filing such return*." (emphasis added).

25. Thus, US citizens married to someone without a social security number do not receive the benefit of being treated as having filed individually, but instead are punished for being married to a non-US citizen.

26. Plaintiff UZOEGWU was and is a natural-born United States citizen with a social security number.

27. In or around November of 2019, Plaintiff and her husband were married in New York State.

28. At all times material, Plaintiff's husband is not a United States citizen. Plaintiff's husband has applied for and is awaiting on a social security number.

29. Before filing her taxes for 2019, Plaintiff requested an individual taxpayer identification number (ITIN) for her husband.

30. Thereafter, Defendant IRS issued Plaintiff's husband an ITIN.

---

[3] *See* https://www.latimes.com/world-nation/story/2020-04-20/u-s-citizens-coronavirus-stimulus-checks-spouses-immigrants [Last Accessed April 23, 2020]. "In Baltimore, Ashlee Ramirez, a registered nurse in an emergency room, has spent the last month helping to intubate COVID-19 patients. With her hospital short on protective gear, she has spent her own money on materials to make masks and face shields as well as on heavy duty garbage bags in case gowns run out. But she has yet to receive any economic stimulus money, even though her husband, Fredy, a Honduran citizen, received a Social Security number in January [of 2020]."

31. In or around early 2020, Plaintiff jointly filed her taxes with her husband for the year 2019. When they filed, their joint income for 2019 was below $150,000 and Plaintiff's individual income for 2019 was below $75,000.

32. In or around April of 2020, Defendants failed to pay Plaintiff her stimulus check because her husband lacked a social security number. Additionally, Plaintiff did not receive the available $500 for her one-year-old baby.

33. But-for Plaintiff being married to a man without a social security number, she would have qualified for and would be paid her stimulus check.

## CLASS ACTION ALLEGATIONS

34. Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals. Plaintiffs seek monetary and injunctive relief that applies generally to the Plaintiff Class, as described below.

35. The Plaintiff Class consist of:

    - All individuals, who jointly filed their taxes with a spouse who does not have a social security number, and who did not serve in the United States Armed Forces, and who did not receive their stimulus checks pursuant to the CARES Act because of said filings.

36. The Plaintiff Class is so numerous that joinder of all members is impracticable. Although the number of individuals will be easy to identify based off of the IRS's previously filed joint tax returns, the class numerosity could be well over 1 million individuals.

37. Common questions of law and fact bind the members of the Plaintiff Class. These questions include, but are not limited to, the following:

- Whether the 5th Amendment of the U.S. Constitution was violated by Section 6428 (g)(1)(B), et al., of the CARES Act.

38. The claims of the named Plaintiff is typical of the claims of the Plaintiff Class as a whole. Plaintiffs know of no conflict between their interests and those of the Plaintiff Class. The members of the Plaintiff Class are ascertainable and can be identified through notice and discovery. In defending their own rights, the individual Plaintiff and their next friends will defend the rights of all proposed Plaintiff Class members fairly and adequately.

39. Plaintiff is represented in this case by counsel with deep knowledge of civil rights and extensive experience litigating class actions and complex cases. Plaintiff's attorneys have the requisite level of expertise to adequately prosecute this case on her behalf and on behalf of the Class.

40. Defendants have acted or refused to act on grounds generally applicable to each member of the Plaintiff Class by refusing to recognize that the members of the Plaintiff Class have a constitutional right to equal protection under the law and therefore have a right to appropriate economic relief.

41. A class action is superior to other methods available for the fair and efficient adjudication of this controversy because joinder of all members of the Plaintiff Class is impracticable.

## COUNT I
### Deprivation of Equal Protection
### U.S. Const. Amend. V

42. Plaintiffs incorporate paragraphs 1 through 41 as though fully set forth herein.

43. Plaintiffs state this cause of action against Defendants in their official capacities for purposes of seeking monetary and injunctive relief, and challenging the CARES Act both facially and as applied to them.

44. The Fifth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that "No person shall be … deprived of life, liberty, or property, without due process of law…" U.S. Const. amend. V.

45. Defendants have effectively punished individuals who chose to marry citizens of another country.

46. Defendants have infringed on Plaintiff's, and all those similarly situated, constitutionally protected right to marry.

47. Further, Defendants have infringed upon Plaintiff's, and all those similarly situated, liberty and a property interest by depriving them of the benefits of law.

RELIEF REQUESTED WHEREFORE, Plaintiffs respectfully request that this Court:

A. Declaratory relief that Section (g)(1)(B) of the CARES Act is a violation of the Fifth Amendment of the US Constitution;

B. Monetary relief for all payments to all individuals previously denied any portion or a stimulus check because their spouse lacked a social security number;

C. Award costs and attorney's fees pursuant to 42 U.S.C. § 1988;

D. Grant or award any other relief this Court deems just and proper.

Date: April 24, 2020
New York, New York

Respectfully Submitted,

**DEREK SMITH LAW GROUP, PLLC**

*/s/ Alexander G. Cabeceiras*
Alexander G. Cabeceiras, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119

*/s/ Derek T. Smith*
Derek T. Smith, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119