

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

June 26, 2020

**VIA ECF**
Hon. Naomi Reice Buchwald
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

      Re:    *Uzoegwu v. Mnuchin et al.*, No. 20 Civ. 3264 (NRB)

Dear Judge Buchwald:

      This Office represents the defendants (together, the "government") in the above-referenced matter in which plaintiff seeks to invalidate certain eligibility requirements for refundable advance tax credits under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 26 U.S.C. § 6428 (2020). The CARES Act creates a refundable credit toward eligible individuals' 2020 income taxes, and requires that married couples filing joint tax returns each provide a valid Social Security Number ("SSN") in order to receive the credit. 26 U.S.C. § 6428(a), (g)(1)(B). Here, Plaintiff seeks a declaration that the statute violates the equal protection component of the Fifth Amendment because it infringes on the constitutionally protected right to marry. Plaintiff also seeks monetary relief for taxpayers who were denied a CARES Act tax credit because their spouse has no SSN. I write respectfully to request a pre-motion conference pursuant to section 2.B of the Court's individual practices. The government intends to move to dismiss the complaint based on the following grounds, among others.

*The Court lacks subject matter jurisdiction over plaintiff's claims*

      The United States and its officials cannot be sued, and a court lacks jurisdiction, without an "unequivocal[]" statutory waiver of sovereign immunity, *Lane v. Pena*, 518 U.S. 187, 192 (1996); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994);[1] such waivers are strictly construed, *FAA v. Cooper*, 566 U.S. 284, 290 (2012). The CARES Act contains no such waiver. Instead, plaintiff alleges jurisdiction under 28 U.S.C. §§ 1331 and 1343, and asserts that this Court may award her monetary damages and a declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1340, 2201, 2202, and 1346(a). Dkt. No. 1, ¶¶ 11, 13. However, as summarized below, none of the cited statutes authorizes this lawsuit. Instead, plaintiffs with standing may bring claims relating to tax credits only in a properly filed tax refund action under 26 U.S.C. § 7422.

      Sections 1331, 1343, and 1340 do not provide the unequivocal waiver of sovereign

---

[1] Plaintiff cannot escape the sovereign immunity bar by suing individual defendants in their official capacity. *See, e.g.*, *Perry v. Wright*, No. 12 Civ. 0721 (CM), 2013 WL 950921, at *4 (S.D.N.Y. Mar. 8, 2013) ("Suits against federal officers acting in their official capacities are also barred under sovereign immunity, since such an action is 'essentially a suit against the United States.'").

immunity necessary to proceed against the United States.  *See Nath v. JP Morgan Chase Bank*, No. 15 Civ. 3937 (KMK), 2016 WL 5791193, at *10 (S.D.N.Y. Sept. 30, 2016); *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *SEC v. Credit Bancorp., Ltd.*, 297 F.3d 127, 137 (2d Cir. 2002).  Nor does the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, establish a court's jurisdiction.  *See Vaden v. Discover Bank*, 556 U.S. 49, 70 n.19 (2009); *Clavizzao v. United States*, 706 F. Supp. 2d 342, 347 (S.D.N.Y. 2009) (courts "routinely dismiss requests for judgments declaring federal tax obligations, even in the face of lengthy recital[s] of assumed violations of constitutional rights" (internal quotation marks omitted)).

As for Section 1346(a), while it waives sovereign immunity for certain actions, it is limited to those arising out of "money-mandating" statutes that create a right to compensation for damages sustained due to government misconduct.  *See United States v. Mitchell*, 463 U.S. 206, 212-18 (1983).  Plaintiff has identified no such provision here, and indeed, such provisions are "uncommon."  *Maine Comm. Health Options v. United States*, 140 S. Ct. 1308, 1327-29 (2020).  The relevant provision of the CARES Act does not fall within this category; in any event, 26 U.S.C. § 6428 is a tax statute and Section 1346(a)(2) does not waive sovereign immunity for *damages* claims related to taxes.  Instead, the sovereign immunity waiver for tax challenges is 28 U.S.C. § 1346(a)(1), which permits such suits subject to the requirements of 26 U.S.C. § 7422, which in turn authorizes tax refund suits only after the taxpayer has filed, and the IRS has considered, an administrative claim.  *See United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 5-10 (2008); *Sarmiento v. United States,* 678 F.3d 147, 151 (2d Cir. 2012); 26 U.S.C. § 6532(a)(1); 28 U.S.C. §§ 1346(a)(1), 1491.  The exhaustion requirement applies to all tax refund suits, including claims that tax provisions are unconstitutional.  *See Clintwood*, 553 U.S. at 9.  If a plaintiff fails to exhaust administrative remedies, her lawsuit must be dismissed.  *Brest v. Lewis*, No. 08 C 4875, 2009 WL 4679649, at *3 (N.D. Ill. Dec. 7, 2009) (barring challenge to withholding of advance refund because plaintiff failed to exhaust remedies); *Fatani v. IRS*, No. 09 Civ. 139 (TS), 2009 WL 763059, at *1 (D. Utah Mar. 23, 2009).  Plaintiff thus may initiate her challenge only after she has filed her federal tax return for 2020, filed an IRS administrative claim claiming that she is entitled to the credit in question because section 6428(g) is unconstitutional, and the IRS denies the claim or fails to act upon it within six months.  *See* 26 U.S.C. § 6532(a)(1).[2]

### *Plaintiff fails to state a Fifth Amendment claim based on the right to marry*

As for the merits of her claim, plaintiff alleges the statutory requirement that both she and her spouse possess a valid SSN in order to qualify for the tax credit on their jointly filed return violates her equal protection rights because it infringes on her "constitutionally protected right to marry."  Dkt. 1, ¶ 46.  However, the statutory requirement does not implicate, let alone violate, those rights.  It is a reasonable limitation based on tax filing status and does not affect the decision to marry an individual of one's choice.

The Supreme Court has made clear that not "every state regulation which relates in any way" to marriage is "subjected to rigorous scrutiny."  *Zablocki v. Redhail*, 434 U.S. 374, 386 (1978).  Rather, "reasonable regulations that do not significantly interfere with decisions to enter in the marital relationship may be legitimately imposed."  *Id.* at 387.  Courts have thus

---

[2] Plaintiff may still be eligible for a credit if she amends her filing status in 2019 to married but separate, or based on her 2020 tax return.  *Id.* § 6428(g).

differentiated between provisions impacting the *ability to marry* and those distinguishing between *marital statuses*. *See Druker v. Comm'r*, 697 F.2d 46, 49 (2d Cir. 1982) (denying equal protection challenge to differential tax rates in 26 U.S.C. § 1). At most, the CARES Act provides for differential treatment based on marital status; it is thus subject only to rational-basis review. *Dandridge v. Williams*, 397 U.S. 471, 485 (1970).

Rational basis review of equal protection claims requires only that a statute "classify the persons it affects in a manner rationally related to legitimate governmental objectives." *Schweiker v. Wilson*, 450 U.S. 221, 230 (1981). A law with a rational basis does not violate the Constitution even if it "is not made with mathematical nicety or because in practice it results in some inequality." *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78 (1911). Courts give "substantial deference" to legislative tax classifications. *Barclay & Co. v. Edwards*, 267 U.S. 442, 450 (1925) ("Fifth Amendment cannot apply" where taxpayers are reasonably classified). "The burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." *Madden v. Kentucky*, 309 U.S. 83, 88 (1940).

The Internal Revenue Code distinguishes among taxpayers based on their marital status. For example, the 2008 Economic Stimulus Act contained a refundable tax credit with the same eligibility requirement that is at issue here. *See* 26 U.S.C. § 6428 (2008). And indeed, the Code imposes entirely different tax rates based on taxpayers' marital status. *See id.* § 1(a)-(d). Some two-income married couples who file their taxes jointly owe more than they would if they were not married, known as the "marriage penalty"; courts have rejected equal protection challenges based on this penalty, even though it treats married couples differently from unmarried couples. *See Druker,* 697 F.2d at 50; *Mapes v. United States*, 576 F.2d 896, 900-03 (Ct. Cl. 1978). The penalty, which affects two-income couples, is "suffered not for marrying but for marrying one in a particular income group," *Mapes,* 576 F.2d at 901, and thus only indirectly affects the right to marry, *Druker,* 697 F.2d at 49-50. Because the marriage penalty is not a "direct legal obstacle" to, and does not interfere with, the right to marry, its differential treatment of married persons does not violate equal protection. *Id.* (citing *Zablocki*, 434 U.S. at 387 n.12). Similarly, 26 U.S.C. § 6428(g)(1)(B) does not interfere with the right to marry, although it may impact taxpayers' choice whether to file their returns jointly or separately.[3]

***Venue is not proper in the Southern District of New York***

Finally, plaintiff's claim should be dismissed for improper venue. In tax cases "against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected," 28 U.S.C. § 1346(a)(1), venue is proper "only . . . in the judicial district where the plaintiff resides," *id.* § 1402(a)(1). "Venue is determined based upon the parties and allegations at the time the operative complaint is filed." *Keitt v. New York City*, 882 F. Supp. 2d 412, 459 n.44 (S.D.N.Y. 2011). Here, plaintiff appears to have moved from New York to

---

[3] SSN-holders married to non-SSN holders can claim the credit by filing their tax returns separately from their spouses. *See* IRS, *Economic Impact Payment Information Center*, https://www.irs.gov/coronavirus/economic-impact-payment-information-center at Q27. Thus, based on her allegations, plaintiff should be eligible for the credit if she files her return separately.

Washington State in early 2020,[4] but she filed her lawsuit on April 24, 2020.  Therefore venue is not proper as plaintiff did not reside in this District when she filed her suit, and it must be dismissed.  See *Ratcliff v. McKeever*, No. 83 Civ. 6896 (MEL), 1984 WL 1010, at *1 (S.D.N.Y. Oct. 11, 1984).

  I thank the Court for its consideration of this letter.

                Respectfully,

                AUDREY STRAUSS
                Acting United States Attorney
                Southern District of New York

          By:  */s/ Rebecca R. Friedman*
              REBECCA R. FRIEDMAN
              Assistant United States Attorney
              Tel:  (212) 637-2614
              Fax: (212) 637-2686
              rebecca.friedman@usdoj.gov

cc: Counsel of Record (via ECF)

---

[4] *See* Kip Hill, *Citizens Can't Get Stimulus Checks if Their Spouse Lacks a SSN, but a Spokane Woman Is Leading a Lawsuit to Change That*, Spokane Spokesman-Review (Apr. 29, 2020), https://www.spokesman.com/stories/2020/apr/28/citizens-cant-get-stimulus-checks-if-their-spouse-/ (plaintiff "settled in Spokane after moving cross-country earlier this year").  "[C]ourts may consider materials outside the pleadings on a motion to dismiss for improper venue." *Caremark Therapeutic Services v. Leavitt*, 405 F. Supp. 2d 454, 462 (S.D.N.Y. 2005).